UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 15-144-GFVT

DUSTYN MONTAGUE                                                               PETITIONER

V.

SANDRA BUTLER, WARDEN                                                   RESPONDENT

### REPORT AND RECOMMENDATION

Pending is petitioner Dustyn Montague's 28 U.S.C. §2241 petition for habeas corpus. Doc. 1. Petitioner, who is confined at FCI Manchester, argues that the Bureau of Prisons (BOP) has failed improperly to award him credit for time served from January 2011 to January 2012 stemming from charges in the United States Court for the Middle District of Tennessee. *See* Case 3:10-cr-00165-1, *United States v. Montague* (hereafter "the Tennessee case"). After examining the petition and the applicable law, the Court recommends that the petition be denied without respondent being required to file a response.

To understand fully his §2241 petition in this Court, it is necessary to examine the Tennessee case in detail. In June 2010 petitioner was indicted in the Tennessee case for being a felon in possession of firearms. In October 2010, the United States filed a motion for writ of habeas corpus ad prosequendum to enable petitioner to appear for arraignment because he was then incarcerated on Tennessee state charges. *See* Doc. 5 in the Tennessee case. The court issued the requested writ and petitioner was arraigned in January 2011. *Id.* at docs. 6, 9. Shortly thereafter the Tennessee federal court issued an unusual order which stated that petitioner "requested to be returned to State custody" because he "is serving a State sentence on a probation violation and . . . he wanted to be returned to State custody since he is three to four months from

1

completing his sentence." *Id.* at Doc. 12, p. 1.  Over the objection of the United States, the Court granted petitioner's request to be returned to state custody, with the proviso that "a federal detainer remains in place so that upon the defendant's release from State custody, he will enter federal custody, where he will remain pending trial in this case." *Id.* at p. 1-2.

In August 2011 petitioner entered a guilty plea in the Tennessee case.[1]  A few days after petitioner's rearraignment, the court issued an order stating that petitioner had again asked to be returned to state custody because he "is serving a state sentence and is due to finish it in approximately 30 days."  Doc. 40.  The Court granted petitioner's request and ordered him returned to state custody "to finish service of the remainder of his State sentence."  *Id.*

In November 2011 petitioner was sentenced to 78 months' imprisonment in the Tennessee case.[2]  Doc. 49.  The judgment provided that petitioner was to "receive credit for time served while awaiting sentencing."  *Id.* at p. 2.  That opaque provision in the judgment was consistent with the Court's similar statement at sentencing that defendant "will receive -- I'll state that he receive credit for the time that he's served, being incarcerated pending sentencing."  Doc. 52, p. 8.[3]

---

1 Petitioner again appeared in federal court for rearraignment pursuant to a writ of habeas corpus ad prosequendum.  Doc. 34.
2 In October 2011 the United States filed a motion for issuance of a writ of habeas corpus ad prosequendum for petitioner to appear for sentencing but the United States shortly thereafter withdrew its motion because petitioner was by then already in federal custody.  Docs. 44, 45.
3 The entire relevant colloquy at sentencing was as follows:
    MR. SMALL [defense counsel]: Your Honor, this probably goes
    without saying, just one more thing. I think Mr. Montague was
    released into federal custody on January the 26th of this year.
    So he's asking me whether the Court would grant --
    THE COURT: Yes, he will receive -- I'll state that he receive
    credit for the time that he's served, being incarcerated pending
    sentencing.
    MR. SMALL: Thank you, Your Honor.
Doc. 52, p. 8.

No relevant action in the Tennessee case occurred thereafter until September 2014, when petitioner filed a motion asking the Tennessee federal court to order BOP to award him jail time credit for time served beginning in January 2011. Doc. 53. After considering the parties' briefs, the court denied petitioner's motion in July 2015 for failure to exhaust administrative remedies and because challenges to a prisoner's execution of his sentence must be filed under §2241 in the district of incarceration. Doc. 57.

Petitioner filed his §2241 petition in this Court in August 2015. Doc. 1.[4] According to the petition, the BOP should be required to award petitioner credit for time served from January 26, 2011 through January 11, 2012. However, the actual dispute seems to involve only the time between January 2011 and September 2011 as the BOP's sentence monitoring and computation data sheet attached to the petition shows that petitioner has been credited with time served since September 16, 2011 (beginning the day after petitioner completed his state sentence). *See* Doc. 1-2, p. 17-18.

As this Court has explained previously in similar cases, petitioner's argument is without merit because he was not in federal custody during the time period in question. Specifically, the Court has explained as follows:

> The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden,* 258 U.S. 254, 262 (1922). In *Ponzi,* the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign

---

4 The petition was unsigned. Pursuant to the Court's order (doc. 8) petitioner submitted a declaration under penalty of perjury sheet that merely provides that the information in the petition was true. Doc. 9. Better practice certainly would have been for petitioner to submit a new, signed petition. However, given petitioner's pro se status and the fact that he is not entitled to relief, the Court will leniently construe the petition as having been signed by petitioner.

3

> relinquishes its priority over the defendant. Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum.*
>
> In the present action, while Hill was in the primary custody of Missouri, he was "borrowed" from the state of Missouri, pursuant to a writ of habeas corpus *ad prosequendum,* for purposes of appearing in federal court on various proceedings related to the federal charges. However, as noted above, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum,* does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state.
>
> Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. Also, primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. In Hill's case, Missouri did not relinquish its primary custodial jurisdiction over him to the United States.

*Hill v. Holland*, 2014 WL 709848, at *2-3 (E.D. Ky. Feb. 21, 2014) (citations omitted).

In the case at hand, petitioner was in the custody of Tennessee state authorities during the pendency of his Tennessee federal case as shown by the fact that he appeared in federal court pursuant to writs of habeas corpus ad prosequendum until he completed his state sentence. This conclusion is buttressed by the fact that petitioner specifically, and successfully, requested to be returned to Tennessee state custody to complete his state sentence at least twice during the pendency of his federal criminal charges.

The BOP's jail time credit assessment is also in accordance with 18 U.S.C. 3585(b), which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed; or . . . as a result

4

of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . *that has not been credited against another sentence.* (Emphasis added). Thus, "Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. However, a federal inmate is not entitled to any credit for time attributed to a state sentence. The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence." *Hill*, 2014 WL 709848, at *4 (citations omitted). Because petitioner was in primary state custody during the relevant time period he is not entitled to receive credit for that same time period toward completion of his federal sentence. The court's statement that petitioner was to receive credit for time served logically only reflects a desire to have petitioner receive the credit to which he was legally entitled, not an intent to override §3585(b).

Accordingly,

**IT IS RECOMMENDED**:

Petitioner's 28 U.S.C. §2241 petition should be denied without respondent being required to file a response.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 11th day of February, 2016.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge