UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DUSTYN MONTAGUE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:15-cv-144-GFVT-JGW |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| SANDRA BUTLER, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Dustyn Montague's *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241. [R. 1.] Consistent with local practice, the matter was referred to United States Magistrate judge J. Gregory Wehrman, who filed a Report and Recommendation explaining why Mr. Montague's motion should be denied.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Montague filed a number of timely objections to the Recommendation, which are

sufficiently specific to trigger *de novo* review. *See, e.g.*, *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (explaining the Court's duty to review *pro se* filings under a more lenient standard than the one applied to attorneys). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority. For the following reasons, Montague's objections will be OVERRULED.

# I

In June 2010, Mr. Montague was indicted in the Middle District of Tennessee for being a felon in possession of firearms. *See United States v. Montague*, Case No. 3:10-cr-00165-1 (M.D. Tenn.). At the time, Montague was incarcerated on state charges, and the Government had to file a motion for writ of habeas corpus ad prosequendum to arrange for Montague's appearance at his arraignment proceeding. [*See* R. 5 (M.D. Tenn.).] Montague appeared for an initial appearance and arraignment proceeding on January 26, 2011, during which he requested to be returned to state custody to finish the brief sentence he was serving there on a state probation violation. [*See* R. 12 (M.D. Tenn.).] The judge granted Montague's request, and he was returned to state custody. [*Id.*] Several months later, when Montague appeared for his rearraignment hearing, the judge again ordered that Montague be returned to state custody, with a federal detainer put in place. [R. 40 (M.D. Tenn.).] Mr. Montague was ultimately sentenced on November 10, 2011, and his federal sentence began running as of that date. [R. 48 (M.D. Tenn.).]

While the Court's record does not reflect when, exactly, the Bureau of Prisons' Sentencing Monitoring Computation Data sheet suggests Montague was not moved from a state facility to a federal BOP facility until January 11, 2012. [R. 1-2 at 17.] However, the data sheet clearly states two facts that are key to this proceeding: (1) Mr. Montague's federal time began running on November 10, 2011, notwithstanding the facility wherein he was incarcerated; and

(2) Mr. Montague has already been credited with time served from September 16, 2011, through November 9, 2011, the day before he received his federal sentence. [*See* R. 1-2 at 17-18.]

Mr. Montague has filed a petition for relief under 28 U.S.C. § 2241, wherein he challenges the BOP's award of credit for time served and argues he should be awarded time served from January 26, 2011, through January 11, 2012. [*See* R. 1.] Judge Wehrman filed a Report and Recommendation addressing Montague's claims and ultimately recommending the § 2241 petition be denied. The Court now reviews Montague's objections to the Report and Recommendation.

**II**

Upon review, the Court agrees with the Magistrate Judge that Mr. Montague's § 2241 petition should be denied. Montague raises a number of objections to Judge Wehrman's Report and Recommendation, a number of which provide no legal basis for relief. For example, Montague first objects to Judge Wehrman's use of the word "unusual" to describe the Tennessee federal court's order. [*See* R. 10 at 1.] While Montague may disagree with the Magistrate Judge's word choice, this objection has no impact on the overall outcome of the case.

Next, Montague objects to the Report and Recommendation's finding that the actual dispute over time served involves the time period between January 2011 and September 2011. [*See* R. 10 at 3.] As Judge Wehrman accurately explained, however, the Bureau of Prison's sentence monitoring and computation data sheet shows that Montague has, in fact, already been credited with time served beginning September 16, 2011. [R. 1-2 at 17-18.] Accordingly, Montague's argument regarding credit from September 2011 through January 11, 2012, is moot. The only period in question is from January 26, 2011, until September 15, 2011, during which time the record reflects Montague was incarcerated on an unrelated state matter.

Although Montague once again attempts to argue that his state and federal cases were related for purposes of a concurrent sentence, this argument is unavailing. [*See* R. 13 at 2.] The record clearly reflects the two sentences involved unrelated conduct. According to the plea agreement in Montague's federal case, his federal crime stemmed from an undercover purchase of firearms conducted by an ATF agent on or about January 22, 2010. Montague's state case, however, involved a burglary conviction in Davidson County on or around February 12, 2009. [*See* R. 37 at 10-11 (M.D. Tenn.).]

Montague also maintains the Magistrate Judge ignored the specific case law he cited in his motion. While Mr. Montague did not reference any case law in his § 2241 petition or his memorandum of law in support of that petition [R. 1; R. 1-1], various cases are referenced in the eighteen pages of exhibits attached to the petition. [*See* R. 1-2 at 5.] The Magistrate Judge did not specifically cite to all of the cases Montague mentioned, but the Court finds no error in this. Judge Wehrman adequately discussed and applied relevant case law. As for the only case cited by Montague in his objections, *Stamphill v. Johnston*, the analysis remains the same. That case is a 1943 decision from the Ninth Circuit Court of Appeals which addresses a different legal question than the one presently before the Court. [*See* R. 13 at 2 (citing *Stamphill v. Johnston*, 136 F.2d 291 (9th Cir. 1943).]

In the end, the Court finds that Mr. Montague's objections provide him no basis for relief. After reviewing the matter *de novo*, the Court determines Montague was serving time for an unrelated state sentence until September 16, 2011, but that, on that date, he began receiving credit for his federal time served. The Court ultimately agrees with the rationale set forth in Judge Wehrman's Report and Recommendation [*see* R. 10 at 3-4], and therefore overrules Mr. Montague's objections.

## III

Accordingly, the Court hereby **ORDERS** as follows:

1. The Petitioner's Objections [R. 13] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [R. 10] is **ADOPTED** as and for the opinion of the Court;

3. Mr. Montague's motion for relief pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**; and

4. Judgment in favor of the Respondent shall be entered contemporaneously herewith.

This the 26th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge